UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAKE J. RUFFINO,  :<br>    Plaintiff,         :<br>                          :     Case No. 3:15-cv-00509 (VAB)<br>  v.                    :<br>                          :<br>CORRECTIONAL OFFICER  :<br>HARRELL,               :<br>    Defendant.      : | |

**INITIAL REVIEW ORDER**

The plaintiff, Jake J. Ruffino, currently incarcerated at the Garner Correctional Institution in Newtown, Connecticut, has filed a complaint *pro se* under section 1983 of title 42 of the United States Code. The complaint was received by the court on April 8, 2015. Mr. Ruffino's motion to proceed *in forma pauperis* was granted on April 16, 2015. Mr. Ruffino alleges that Correctional Officer Harrell has been deliberately indifferent to his serious mental health needs. The plaintiff has named defendant Harrell in his individual capacity and seeks only damages.

Under section 1915A of title 28 of the United States Code, the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.* In reviewing a *pro se* complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "'A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Boykin v. KeyCorp.*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Mr. Ruffino alleges that, on January 25, 2013, he was housed in a mental health unit at Garner Correctional Institution.  At approximately 3:00 a.m., the plaintiff asked Correctional Officer Harrell to call a nurse because he was suffering from suicidal thoughts, acute anxiety, and racing thoughts.  Mr. Ruffino states that he feared he would hurt himself.  Correctional Officer Harrell refused the request and instructed Mr. Ruffino to wait a few hours to see mental health staff.  Mr. Ruffino repeated his request several times during the next two hours.  Correctional Officer Harrell continued to refuse to call mental health staff.  As a result, Mr. Ruffino cut himself on the left arm.

The case will proceed against Correctional Officer Harrell at this time.

**ORDERS**

In accordance with the foregoing, the court enters the following orders:

(1)     **The Clerk shall** verify the current work address for Correctional Officer Harrell with the Department of Correction Office of Legal Affairs, and mail a waiver of service of process request packet to him at the confirmed address within twenty-one (21) days from the date of this Order.  The Clerk shall report to the court on the status of that waiver request on the thirty-fifth (35th) day after mailing.  If the defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in

his individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(2) **The Clerk shall** send a courtesy copy of the Complaint and this Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(3) The defendant shall file his response to the Complaint, either an answer or motion to dismiss, within sixty (60) days from the date the waiver form is sent. If he chooses to file an answer, he shall admit or deny the allegations and respond to the cognizable claim recited above. He also may include any and all additional defenses permitted by the Federal Rules.

(4) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within seven months (210 days) from the date of this Order. Discovery requests need not be filed with the court.

(5) All motions for summary judgment shall be filed within eight months (240 days) from the date of this Order.

(6) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(7) If the plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that the plaintiff MUST notify the court. Failure to do so can result in the dismissal of the case. The plaintiff must give notice of a new address even if he is incarcerated. The plaintiff should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If the plaintiff has more than one pending case, he should indicate all of the case

numbers in the notification of change of address.  The plaintiff should also notify the defendant or the attorney for the defendant of his new address.

    **SO ORDERED** this 17th day of April, 2015, at Bridgeport, Connecticut.

                                            /s/ Victor A. Bolden
                                            Victor A. Bolden
                                            United States District Judge