UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAKE J. RUFFINO,<br>    Plaintiff,<br><br>v.<br><br>CORRECTIONAL OFFICER<br>HARRELL,<br>    Defendant. | :<br>:<br>:<br>:    Case No. 3:15-cv-509 (VAB)<br>:<br>:<br>:<br>:<br>: |

**RULING ON MOTIONS FOR SANCTIONS AND TO CORRECT FILING**

Plaintiff, Jake J. Ruffino, has two motions pending before the Court: (1) a motion for sanctions for failure to comply with a court order regarding outstanding discovery [Doc. No. 19]; and (2) a motion to correct an error in docketing the motion for sanctions [Doc. No. 20]. The motion for sanctions is **DENIED**; the motion to correct filing is **DENIED** as moot.

**I.    Motion for Sanctions**

On October 23, 2015, the Court ordered Defendant to respond to all outstanding discovery requests within thirty days and to file a notice of compliance when he had done so. *See* Doc. No. 14. In his motion for sanctions, dated November 23, 2015, Mr. Ruffino states that Defendant had not responded to three discovery requests, dated August 27, 2015, September 15, 2015, and September 23, 2015. *See* Doc. No. 19. On November 24, 2015, Defendant filed a notice stating that he has complied with all outstanding discovery. *See* Doc. No. 15. Mr. Ruffino objects to the notice, stating that Defendant still has not responded to his September 15, 2015 request for production and his September 23, 2015 interrogatories. *See* Doc. No. 18.

Federal Rule of Civil Procedure 37 allows the Court to impose a variety of sanctions for discovery-related abuses and affords the Court "broad discretion in fashioning an appropriate

sanction." *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 101 (2d Cir. 2002); *see also Daval Steel Products v. M/V Fakredine*, 951 F.2d 1357, 1363 (2d Cir. 1991) ("Provided that there is a clearly articulated order of the court requiring specified discovery, the district court has the authority to impose Rule 37(b) sanctions for noncompliance with that order."). Sanctions include, but are not limited to, orders deeming certain facts established, granting a default judgment against the disobedient party, and entering an order of contempt. *Valentini v. Citigroup, Inc.*, No. 11-cv-1355, 2013 WL 4407065, at *2, 2013 U.S. Dist. LEXIS 116473, at *6 (S.D.N.Y. Aug. 16, 2013).

Where the request for sanctions concerns the failure to produce documents, the moving party must show that the party with control over the documents had an obligation to produce it in a timely manner and had a culpable state of mind, and that a reasonable trier of fact would consider the missing documents relevant to the moving party's claims or defenses. *Id*. The Second Circuit considers negligence to satisfy the culpable state of mind requirement. *See Residential Funding*, 306 F.3d at 108.

When deciding on the appropriate sanction, the Court considers "(1) the willfulness of the non-compliance; (2) the efficacy of lesser sanctions; (3) the duration of the noncompliance; and (4) whether the non-compliant party was warned that further noncompliance could result in sanctions." *Kellogg v. J.C. Penney Corp.*, No. 11-cv-733, 2013 WL 308985, at *1, 2013 U.S. Dist. LEXIS 10157, at *4 (D. Conn. Jan. 25, 2013) (citing *Southern New England Telephone Co. v. Global NAPs Inc.*, 624 F.3d 123, 149 (2d Cir.2010)). The Court also should consider whether the moving party has been prejudiced by the noncompliance, "though a showing of prejudice is not a requirement for" the imposition of sanctions under Rule 37. *Aliki Foods, LLC v. Otter Valley Foods, Inc.*, 726 F. Supp. 2d 159, 178 (D. Conn. 2010).

Mr. Ruffino seeks sanctions under Rule 37(b).  Local court rules require that any motion filed under Rule 37 be accompanied by a memorandum containing "a concise statement of the nature of the case and a specific verbatim listing of each item of discovery sought or opposed, and immediately following each specification shall set forth the reason why the item should be allowed or disallowed."  D. Conn. L. Civ. R. 37(b)1.  In addition, copies of the discovery requests must be included as exhibits to the memorandum.  *Id.*  Mr. Ruffino has not complied with this requirement.  He describes the discovery only as requests for production and interrogatories.  He does not attach copies of the requests to enable the Court to determine whether the requests seek relevant information and if sanctions should be imposed for the delay in serving responses.  Nor has he made any showing of prejudice suffered as a result of the delay.

The Court concludes that Defendant has disregarded the Court's October 23, 2015 Order that he respond to *all* outstanding discovery within thirty days.  Absent compliance with court rules and a showing of prejudice, however, the Court declines to impose sanctions at this time.  *Cf. Zappalo v. Albicelli*, 954 F. Supp. 538, 548 (N.D.N.Y. 1997) (denying sanctions for four-month delay in responding to interrogatories and thereafter submitting inadequate responses where defendants made a good faith effort to comply with voluminous discovery requests and responses were timely under pretrial order and where plaintiff took three months to respond to defendants' interrogatories).

## II. Motion to Correct Filing

On October 23, 2015, the Court ordered Defendant to respond to all outstanding discovery requests within thirty days and to file a notice of compliance when he had done so.  On November 23, 2015, Mr. Ruffino drafted a motion for sanctions for failure to comply with the order.

All Connecticut inmates are required to participate in the Prisoner Efiling Program. Under this program, any documents they wish to file in federal court are scanned by prison officials and emailed to the court. The documents are then docketed by Clerk's Office staff. Mr. Ruffino's motion for sanctions was docketed on November 25, 2015, the same day he states that it was emailed to the Court. Unfortunately, a copy of a previously filed motion for extension of time was attached to the docket entry instead of the motion for sanctions. This error was discovered and corrected on December 8, 2015, by re-docketing the motion for sanctions. In his motion to correct, Mr. Ruffino states that this error renders it unfair for him to participate in the Prisoner Electronic Filing Program. He submitted his motion to correct by regular mail.

Mr. Ruffino's motion was properly handled and emailed to the court by prison officials. The error by the Clerk was corrected and the Court already has considered the motion for sanctions above. Mr. Ruffino's request to correct the docketing error is therefore denied as moot.

Participation in the Prisoner Electronic Filing Program is mandatory. *See* CTAO-13-16, Standing Order on Prisoner Electronic Filing Program, http://ctd.uscourts.gov/district-connecticut-public-administrative-orders ("All documents filed by prisoners incarcerated at a participating facility must be filed electronically using the Program procedures.") (last visited Dec. 18, 2015). Accordingly, Mr. Ruffino's request to be excused from the program is denied. Mr. Ruffino is on notice that any further documents must be efiled. The Court will not consider any documents submitted by regular mail. Any request to be excused from participation in the Prisoner Electronic Filing Program is denied.

**III.   Conclusion**

Mr. Ruffino's motion for sanctions [**Doc. No. 19**] is **DENIED**. To the extent any

discovery remains outstanding, Defendants shall provide it to Plaintiff by January 12, 2015.

Mr. Ruffino's motion to correct filing [**Doc. No. 20**] is **DENIED** as moot. Any request to be excused from participation in the Prisoner Electronic Filing Program is denied. Mr. Ruffino is hereby on notice that the Court will not consider any motions submitted by regular mail.

**SO ORDERED** this 23rd day of December, 2015 at Bridgeport, Connecticut.

    /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge